

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00358-CR

SCOTT BARRIE MELTON                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

### FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
### TRIAL COURT NO. 09152

----------

## MEMORANDUM OPINION[1]

----------

Appellant Scott Barrie Melton pled guilty to the first degree felony of aggravated assault of a public servant[2] in exchange for ten years' deferred adjudication community supervision, a $750 fine, and both standard and special

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 22.02(a), (b)(2)(B) (West 2011).

conditions of community supervision. Appellant also signed a judicial confession and a waiver of appeal. The trial court followed the bargain and placed Appellant on deferred adjudication community supervision on January 31, 2014. The trial court's certification states that this is a plea-bargained case, that Appellant has no right of appeal, and that Appellant waived his right of appeal. Nevertheless, Appellant filed a notice of appeal on September 15, 2015, more than eighteen months too late.[3]

We informed Appellant by letter that his case was subject to dismissal based on the late notice of appeal, the plea bargain, and the waiver of appeal unless he or any party desiring to continue the appeal showed grounds for continuing it. Appellant's response does not show grounds for continuing the appeal.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[4] The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an appeal.[5]

---

[3] *See* Tex. R. App. P. 26.2(a)(1).

[4] *See id.*

[5] *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Because Appellant's notice of appeal was untimely filed, we dismiss this case for want of jurisdiction.[6]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 29, 2015

---

[6]*See* Tex. R. App. P. 26.2(a)(1), 43.2(f).

3